# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| ERIN FOY,<br><br> Plaintiff,<br><br>v.<br><br>UNION DEVELOPMENT<br>CORPORATION d/b/a BUILD NEW<br>MEXICO, and STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE CO.,<br><br> Defendants. | No. 1:17-cv-00992-PJK-SCY |

# MEMORANDUM OPINION AND ORDER
# DENYING PLAINTIFF'S MOTION TO REMAND

 THIS MATTER comes before the court on Plaintiff Erin Foy's Motion to Remand to the Second Judicial District Court of New Mexico filed October 25, 2017 (ECF No. 7). Upon consideration thereof, the Motion is not well taken and should be denied, and the claims against Defendant Union Development Corp. d/b/a Build New Mexico ("Build NM") should be dismissed without prejudice.

 Ms. Foy filed this action against Defendants Build NM, her employer, and State Farm Mutual Automobile Insurance Co., her employer's insurer, alleging that Defendants failed to provide her with uninsured/underinsured motorist coverage for an automobile accident that occurred during the scope of her employment. Compl. 1–3, 6, ECF No. 1-2.

Ms. Foy resides in New Mexico, Build NM is incorporated and has its principal place of business in New Mexico, and State Farm is incorporated and has its principal place of business in Illinois. Id. at 1; Notice of Removal 2, ECF No. 1. Ms. Foy initially filed in New Mexico state court, see Foy v. Union Dev. Corp., No. D-202-CV-201706083 (N.M. Dist. Ct. filed Aug. 22, 2017), then State Farm removed to this court as allowed by 28 U.S.C. §§ 1332, 1441. Notice of Removal 1.

A party invoking diversity jurisdiction must show complete diversity of citizenship between adverse parties and that the amount in controversy exceeds $75,000. E.g., Dutcher v. Matheson, 733 F.3d 980, 987 (10th Cir. 2013). State Farm submits — and Ms. Foy does not contest — that the amount in controversy exceeds $75,000, Guebert Aff. 2, ECF No. 1-4, and it alleges that Ms. Foy fraudulently joined Build NM to defeat federal diversity jurisdiction, Notice of Removal 2. A defendant alleging fraudulent joinder must demonstrate that the plaintiff either (1) pled fraudulent jurisdictional facts or (2) cannot establish a cause of action against the nondiverse party. Dutcher, 733 F.3d at 988. This is a "heavy burden," and "all factual and legal issues must be resolved in favor of the plaintiff." Id. (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)). If a court determines that a defendant has been fraudulently joined, it must dismiss the claims against that defendant without prejudice. See Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d 1242, 1249 (10th Cir. 2004).

Ms. Foy alleges six causes of action in her complaint but mentions Build NM in only three of them. The first of these causes of action is for declaratory judgment: the

complaint alleges that "Defendant State Farm and Defendant Build NM have failed to provide underinsured motorist coverage under the Policy to Plaintiff, an undisputed beneficiary under the Policy," and it asks the court to "review the Policy . . . and issue an Order declaring the parties' respective rights and obligations and directing their behavior accordingly." Compl. 6–7. The complaint's facts focus on State Farm's actions, though, and do not suggest that Build NM failed to do anything. Nor is it clear what relief the court could grant against Build NM regarding State Farm's obligations to Ms. Foy under the policy. Ms. Foy states that she is seeking an order declaring coverage under the insurance contract issued by State Farm, and she concedes that she is not seeking to hold Build NM liable for the injuries she suffered in the accident. Pl.'s Reply in Supp. of Mot. to Remand 3, ECF No. 17.

The second cause of action involving Build NM is for "insurance bad faith": the complaint alleges that Defendants State Farm and Build NM (a) "Failed and refused to timely, thoroughly, and/or fairly investigate, evaluate, settle, or pay the claims and failed to give the interests of its insured the same consideration as its own"; (b) "Failed and refused to conduct an adequate investigation into the facts and circumstances of Plaintiff's claims"; (c) "Failed to conduct a competent investigation of the claim and to honestly and fairly balance its own interests and the interests of the insured in denying the claim"; and (d) "Placed its own financial interests above those of its insured." Compl. at 8–9. As Ms. Foy has not alleged that Build NM is an insurer, the court fails to see how this can be a cause of action against Build NM.

The third cause of action involving Build NM is for unfair trade practices: the complaint alleges that Defendant State Farm's and Defendant Build NM's "wrongful conduct, as described above, including the failure to properly investigate, timely communicate, or resolve Plaintiff's claim stemming from the tortious conduct of the Underinsured Driver, constitutes both unfair practices and unconscionable practices as set forth in the Unfair Trade Practices Act, NMSA 1978, §57-12-1 et seq." Id. at 11. However, an unfair or deceptive trade practice must be "knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce." N.M. Stat. Ann. § 57-12-2 (2017); accord Stevenson v. Louis Dreyfus Corp., 811 P.2d 1308, 1311 (N.M. 1991). All of the conduct alleged in Ms. Foy's unfair trade practices cause of action relates to the provision of insurance, which Ms. Foy has not alleged Build NM is in the business of providing.

In short, Ms. Foy's allegations might form a cause of action against an insurer — not an employer. Accordingly, State Farm has met its burden of demonstrating that Ms. Foy's allegations against Build NM cannot establish a cause of action, and the claims against Build NM should be dismissed without prejudice.

One issue remains: whether Build NM must be a party to this litigation for the court to determine State Farm's liability (if any) to Ms. Foy. Ms. Foy contends that Build NM is a proper party to this action because it is the holder of the insurance contract at issue. Pl.'s Mot. to Remand 2–3. But suits to recover uninsured/underinsured motorist

benefits under an employer's policy are against the insurer, not the employer. See Draper v. Mountain States Mut. Cas. Co., 867 P.2d 1157, 1160 (N.M. 1994) ("[W]e find no merit in [the] argument that [the plaintiff] was indirectly suing his employer . . . .").

Ms. Foy argues that Build NM is a necessary party because it has an interest that would be affected by the declaratory judgment sought in the complaint and because Build NM would otherwise be at risk of incurring duplicative obligations. Pl.'s Reply in Supp. of Mot. to Remand 3–4. Even if Build NM has an interest as a policyholder, though, Ms. Foy has not articulated how disposing of the action without Build NM would affect that interest. Ms. Foy does note that the outcome of this action would affect Build NM's subrogation rights on workers' compensation benefits paid to Ms. Foy, citing Draper v. Mountain States Mutual Casualty Co., 867 P.2d 1157. But in Draper, significantly, the plaintiff-employee sued the defendant-insurer alone — the employer was not a party to the litigation. 867 P.2d at 1158, 1160. And while an employer has a right of subrogation under N.M. Stat. Ann. § 52-5-17(C), there is no reason why, if Ms. Foy succeeds in her current action against State Farm, Build NM could not institute a separate action seeking reimbursement. See, e.g., Chavez v. S.E.D. Labs., 14 P.3d 532, 534 (N.M. 1994).

Ms. Foy also asserts that Build NM "may be at risk of issuing duplicate payments to Plaintiff as a result of the underinsured motorist claim and the workers' compensation claim," citing New Mexico's version of Federal Rule of Civil Procedure 19. Pl.'s Reply in Supp. of Mot. to Remand 4. Build NM does not appear to share her concern, as it joined State Farm's opposition to Ms. Foy's motion to remand. Joinder in Opp'n to Mot.

to Remand 1, ECF No. 14. Regardless, this argument misses the mark. The inquiry under Rule 19 as to whether an absent party must be joined involves asking whether an <u>existing</u> party would be at risk of incurring duplicative obligations. <u>See</u> Fed. R. Civ. P. 19(a)(1)(B)(ii). There is no risk that disposing of this action without Build NM might leave <u>Ms. Foy or State Farm</u> subject to double, multiple, or inconsistent obligations. Consequently, Build NM is not a required party to the litigation.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that

(1) Plaintiff's Motion to Remand to the Second Judicial District Court of New Mexico filed October 25, 2017 (ECF No. 7) is denied;

(2) Plaintiff's claims against Defendant Build NM are dismissed without prejudice; and

(3) Plaintiff's request for costs and attorney's fees under 28 U.S.C. § 1447(c) is denied.

DATED this <u>18th</u> day of December, 2017, at Santa Fe, New Mexico.

/s/ Paul Kelly Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

Counsel:

Paul M. Dominguez, Dominguez Law Firm, LLC, Albuquerque, New Mexico, for Plaintiff.

Terry R. Guebert and Elizabeth M. Piazza, Guebert Bruckner P.C., Albuquerque, New Mexico, for Defendant State Farm Mutual Automobile Insurance Co.

Richard Leverick and Kylee J. Berger, Leverick and Musselman, LLC, Albuquerque, New Mexico, for Defendant Union Development Corp. d/b/a/ Build New Mexico.