# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

---

ERIN FOY,

      Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,
and RICHARD MOORE,

      Defendants.

No. 1:17-cv-00992-PJK-SCY

---

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S SECOND MOTION TO REMAND

---

THIS MATTER comes before the court on Plaintiff Erin Foy's Second Motion to Remand to the Second Judicial District Court of New Mexico filed April 4, 2018 (ECF No. 37). Upon consideration thereof, the Motion is not well taken and should be denied, Defendant Richard Moore should be dropped as a party, and the claims against Mr. Moore should be dismissed without prejudice.

Ms. Foy filed this action against her employer and against Defendant State Farm Mutual Automobile Insurance Co., her employer's insurer, alleging that they failed to provide her with uninsured/underinsured motorist coverage for an automobile accident that occurred during the scope of her employment. Compl. 1–3, 6, ECF No. 1-2. Ms.

Foy resides in New Mexico, her employer is incorporated and has its principal place of business in New Mexico, and State Farm is incorporated and has its principal place of business in Illinois.  Id. at 1; Notice of Removal 2, ECF No. 1.  Ms. Foy initially filed in New Mexico state court, see Foy v. Union Dev. Corp., No. D-202-CV-201706083 (N.M. Dist. Ct. filed Aug. 22, 2017), then State Farm removed to this court as allowed by 28 U.S.C. §§ 1332, 1441.  Notice of Removal 1.

Ms. Foy filed a motion to remand the action to state court, contending that the court lacked diversity jurisdiction because she and her employer are both New Mexico citizens.  Pl.'s Mot. to Remand 1, ECF No. 7.  The court denied her motion, finding that Ms. Foy's employer had been fraudulently joined to defeat diversity and dismissing the claims against her employer without prejudice.  Mem. Op. & Order Den. Pl.'s Mot. to Remand 2–4, ECF No. 19.  Subsequently, Ms. Foy sought leave to amend her complaint to add Mr. Moore, a New Mexico resident, as a defendant.  Pl.'s Mot. to Amend Compl. 1–2, ECF No. 28; Ex. 1, at 2, ECF No. 28-1.  State Farm opposed the amendment on the grounds that it violated the magistrate judge's discovery order and would prejudice State Farm by creating unnecessary work.  Resp. in Opp'n to Pl.'s Mot. to Amend Compl. 2–4, ECF No. 30.  Neither party raised the jurisdictional consequences of adding Mr. Moore as a defendant.  Recognizing that leave to amend should be freely given, the court issued an Order Granting Leave to Amend filed March 27, 2018 (ECF No. 34).

Shortly after amending her complaint, Ms. Foy filed another motion to remand the action to state court, arguing that the court lacks diversity jurisdiction because she and

Mr. Moore are both New Mexico citizens.  Pl.'s Second Mot. to Remand 1.  She notes that 28 U.S.C. § 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court," and she contends that, having granted leave to amend her complaint to add Mr. Moore as a defendant, the court must now remand the action to state court.

Other circuits have held that "when a district court is unaware that joinder will destroy diversity, it may reconsider its prior decision permitting leave to amend a complaint."  Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 761 (7th Cir. 2009); accord Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307 (8th Cir. 2009).  It is unclear whether the Tenth Circuit would similarly allow reconsideration where, as here, neither party raised the jurisdictional issue prior to amendment.  But it is unnecessary to decide this issue because there is a ready alternative.

Federal Rule of Civil Procedure 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Indeed, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989).  Accordingly, district courts have discretion to dismiss claims against dispensable nondiverse defendants rather than remand the action to state court.  Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1489 (10th Cir. 1991).  The question, then, is whether Mr. Moore is dispensable, "for if [his] interests are severable and a decree without prejudice

to [his] rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to [him]." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 572 (2004) (quoting Horn v. Lockhart, 84 U.S. 570, 579 (1873)).

Rule 19(a) provides that a person is a required party if, "in that person's absence, the court cannot accord complete relief among existing parties" or if "that person claims an interest relating to the subject of the action" and disposing of the action without him or her would "impair or impede the person's ability to protect the interest" or would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." In her amended complaint, Ms. Foy alleges that she purchased the uninsured/underinsured motorist policy from Mr. Moore and that he "failed to reasonably inform [her] in regard to the coverage options, premiums, and generally the underinsured motorist coverage at the point of sale." First Am. Compl. 3, ECF No. 36. Ms. Foy also alleges that State Farm and Mr. Moore "willfully, recklessly, and without regard for the rights of [Ms. Foy] breached the duty of good faith and fair dealing owed to her" by committing various acts, id. at 10, and that this conduct "constitutes both unfair practices and unconscionable practices," id. at 11. Additionally, she alleges that State Farm and Mr. Moore "knowingly or without exercising due diligence failed to deliver the quality of services for which [they] contracted." Id.

Essentially, Ms. Foy alleges that State Farm and Mr. Moore are joint tortfeasors in her causes of action for unfair insurance practices and unfair trade practices. And joint tortfeasors are permissive, rather than necessary, parties. Temple v. Synthes Corp., 498

U.S. 5, 7 (1990); see Fed. R. Civ. P. 19(a) advisory committee's note to 1966

amendment. As a result, complete relief can be recovered from State Farm in Mr.

Moore's absence, and Mr. Moore is not a required party.

Having determined that Mr. Moore is a dispensable party, the court must now

decide whether to exercise its discretion to dismiss the claims against him rather than

remand the action to state court. Other circuits have held that whether post-removal

joinder of a nondiverse party is appropriate depends on "(1) the plaintiff's motive for

seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the

timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if

joinder is not allowed; and (4) any other relevant equitable considerations." Schur, 577

F.3d at 759.

Here, Ms. Foy's primary motive for joining Mr. Moore appears to be to defeat

federal jurisdiction. Ms. Foy sought leave to amend her complaint approximately two

months after the court denied her first motion to remand. In her motion to amend her

complaint, Ms. Foy explained that "[i]t has since been discovered that Richard Moore is

the State Farm Insurance Agent Contractor that sold Plaintiff and Build NM the

underinsured motorist policy alleged to be defective in this matter." Pl.'s Mot. to Amend

Compl. 1–2. But there is no indication that this was a recent discovery. Ms. Foy had

listed Mr. Moore as a witness in the parties' Joint Status Report and Provisional

Discovery Plan filed February 1, 2018 (ECF No. 25, at 6), and she concedes that "[l]ittle

to no discovery has taken place," Pl.'s Reply in Supp. of Mot. to Amend Compl. 3, ECF

No. 32.  As Ms. Foy allegedly purchased the policy from Mr. Moore in 2012, <u>see</u> First

Am. Compl. 2, there is no reason why he was not included in the initial complaint, and

his addition only after the court denied Ms. Foy's first motion to remand strongly

suggests that she added him for the sole purpose of destroying diversity.

Ms. Foy's motion to amend her complaint was timely (it came before the March 1,

2018, deadline to amend pleadings or join additional parties, <u>see</u> Joint Status Report &

Provisional Disc. Plan 2), which weighs in her favor.  But she would not be significantly

injured if joinder is not allowed, because Ms. Foy could pursue whatever claims she has

against Mr. Moore in state court instead.  As for the relevant equitable considerations, the

court must balance two competing interests: "On one hand, there is the danger of parallel

federal/state proceedings with the inherent dangers of inconsistent results and the waste

of judicial resources.  On the other side, the diverse defendant has an interest in retaining

the federal forum."  <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987).  On

balance, the court is persuaded that State Farm's interest in retaining the federal forum

outweighs the considerations favoring remand.

State Farm contends that Mr. Moore's addition as a party does not divest the court

of jurisdiction, citing the "time-of-filing" rule.  Resp. in Opp'n to Pl.'s Second Mot. to

Remand 2, ECF No. 40.  But that rule applies when a litigant changes citizenship (say, by

moving to another state) during the pendency of a lawsuit.  <u>See</u> <u>Iowa Tribe of Kan. &</u>

<u>Neb. v. Salazar</u>, 607 F.3d 1225, 1233 (10th Cir. 2010).  It does not apply here, where

there has been "a change in the parties to the action" rather than "a change in the

citizenship of a continuing party." <u>Grupo Dataflux</u>, 541 U.S. at 575. Because Mr.

Moore's addition would destroy complete diversity between the adverse parties, the court

cannot exercise jurisdiction over the action if he remains a defendant.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that

(1) Ms. Foy's Second Motion to Remand to the Second Judicial District Court of

New Mexico filed April 4, 2018 (ECF No. 37), is denied;

(2) Mr. Moore is dropped as a party; and

(3) Ms. Foy's claims against Mr. Moore are dismissed without prejudice.

DATED this <u>7th</u> day of May, 2018, at Santa Fe, New Mexico.

_____
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

Counsel:

Paul M. Dominguez, Dominguez Law Firm, LLC, Albuquerque, New Mexico, for
Plaintiff.

Terry R. Guebert and Elizabeth M. Piazza, Guebert Bruckner P.C., Albuquerque, New
Mexico, for Defendant State Farm Mutual Automobile Insurance Co.