# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERIN FOY,

    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,
and RICHARD MOORE,

    Defendants.

No. 1:17-cv-00992-PJK-SCY

# ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF HER SECOND MOTION FOR REMAND

THIS MATTER comes before the court on Plaintiff Erin Foy's Motion for Reconsideration of Her Second Motion for Remand filed June 25, 2018 (ECF No. 60).[1] Ms. Foy seeks reconsideration of the memorandum opinion and order denying her second motion to remand. ECF No. 46.

"The Federal Rules of Civil Procedure do not recognize a 'motion for reconsideration,'" but "'a district court always has the inherent power to reconsider its

---

[1] No response has been filed and the court was not advised of any agreement to extend the response deadline. See D.N.M.LR-Civ. 7.4(a). In any event, it would not be appropriate to grant this motion on presumed consent because it lacks merit. See D.N.M.LR-Civ. 7.1(b).

interlocutory rulings' before final judgment is entered." Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC, 887 F.3d 1003, 1023 (10th Cir. 2018) (quoting Warren v. Am. Bankers Ins. of Fla., 507 F.3d 1239, 1243 (10th Cir. 2007)). Here, Ms. Foy asks the court to reconsider its determination that Richard Moore is a dispensable party, arguing that a separate action against Mr. Moore in state court could create "inconsistent remedies."

Ms. Foy confuses inconsistent obligations with inconsistent adjudications. An "inconsistent obligation" under Federal Rule of Civil Procedure 19(a)(1)(B)(ii) refers to the scenario where a party is unable to comply with one court's order without breaching another's. 4 James Wm. Moore et al., Moore's Federal Practice § 19.03 (3d ed. 2018). It does not refer to the scenario Ms. Foy suggests could occur: a federal court finds that State Farm did not violate New Mexico's Unfair Insurance Practices Act while a state court finds that Mr. Moore did. See id. §§ 19.03, .06 (noting that Rule 19 does not require the joinder of joint tortfeasors or principals and agents).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that

(1) Ms. Foy's Motion for Reconsideration of Her Second Motion for Remand filed June 25, 2018 (ECF No. 60), is denied.

(2) Ms. Foy's Motion to Stay filed June 7, 2018 (ECF No. 52) is denied as moot as Ms. Foy voluntary dismissed her interlocutory appeal (ECF No. 63).

DATED this 13th day of July, 2018, at Santa Fe, New Mexico.

_____
Paul Kelly, J.
United States Circuit Judge
Sitting by Designation