UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ERIN FOY,<br><br>    Plaintiff,<br><br>v.<br><br>UNION DEVELOPMENT CORPORATION d/b/a BUILD NEW MEXICO, and STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>    Defendants. | No. 1:17-cv-00992-PJK-SCY |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT STATE FARM'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT**

THIS MATTER comes before the court on Defendant State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment on the validity of its uninsured and unknown motorists coverage rejection form and corresponding premium table, filed April 26, 2018 (ECF No. 42). In her response, Plaintiff has attempted to cross-move for summary judgment, but the court agrees with State Farm that a separate motion is required. CM/ECF Administrative Procedures Manual, § 9(f)(2) (rev. Aug. 2017). Upon consideration thereof, State Farm's motion is well taken and should be granted and Plaintiff's attempted cross-motion for partial summary judgment

should be denied.

Background

Ms. Foy filed this declaratory judgment action against Defendants Build NM, her employer, and State Farm Mutual Automobile Insurance Co., her employer's insurer, alleging that Defendants failed to provide her with uninsured/underinsured motorist coverage (UM coverage) for an automobile accident that occurred during the scope of her employment. Compl. 1–3, 6, ECF No. 1-2. The court dismissed Build NM as fraudulently joined to defeat diversity jurisdiction. ECF No. 19 at 6. After granting Ms. Foy leave to amend her complaint, the court dismissed her added defendant, a local State Farm agent, as a dispensable, non-diverse defendant. ECF No. 46 at 7. The court declined to reconsider that ruling. ECF No. 164 at 2.

Turning to the facts, Ms. Foy was struck from behind by Nicole Chacon on July 3, 2013. At the time of the accident, Ms. Foy was driving a vehicle insured by State Farm under a policy issued to Build New Mexico, her employer. The policy provided liability coverage for bodily injury of $1 million each person / $1 million each accident and UM coverage of $100,000 each person / $300,000 each accident. Ms. Foy contends that State Farm did not obtain a valid rejection of UM coverage and did not provide her with an appropriate menu of UM coverage options and associated premiums. Accordingly, she contends that she is entitled to reformation of the policy to provide of $1 million each person / $1 million each accident of UM coverage.

Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the facts in the light most favorable to a party opposing summary judgment. See Plumhoff v. Rickard, 134 S. Ct. 2012, 2017 (2014). Disputes about immaterial issues of fact will not preclude summary judgment. Celotex v. Catrett, 477 U.S. 317, 322–23 (1986). Given a properly supported summary judgment motion, the non-movant must come forward with "significantly probative" evidence that could permit a trier of fact to find in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986). In this removed diversity case, the court applies New Mexico substantive law and federal procedural law. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996).

New Mexico law requires insurers to offer UM/UIM coverage up to the liability limits of the policy. N.M. Stat. § 66-5-301(A) & (B) (2018). Insureds have the right to reject such coverage, Id. § 66-5-301(C), but before such coverage is excluded, an insurer must obtain a valid rejection. Jordan v. Allstate Ins. Co., 245 P.3d 1214, 1221 (N.M. 2010). The rejection must be in writing and must be made part of the policy. N.M. Code R. § 13.12.3.9 (2018). The statute and its implementing regulation are intended to expand coverage and protect members of the public from the hazard of at-fault uninsured or under-insured motorists. See Romero v. Dairyland Ins. Co., 803 P.2d 243, 245 (N.M.

1990) (citing Chavez v. State Farm Mut. Auto. Ins. Co., 533 P.2d 100 (N.M. 1975) and Sandoval v. Valdez, 580 P.2d 131 (N.M. Ct. App. 1978)). Accordingly, these provisions are interpreted liberally to further their remedial purpose; providing the maximum of UM/UIM coverage is the default rule, and exceptions are construed strictly to protect an insured. Jordan, 245 P.3d at 1219.

In Progressive Nw. Ins. Co. v. Weed Warrior Servs., 245 P.3d 1209, 1213 (N.M. 2010), the New Mexico Supreme Court held that an insurer must offer UM/UIM limits up to the liability limits of the policy and that an insured's decision to purchase a lower amount constitutes a rejection of the maximum amount. Accord Lueras v. GEICO Gen. Ins. Co., No. A-1-CA-34961, 2018 WL 2999630, at *6 (N.M. Ct. App. June 14, 2018).

Thereafter, the New Mexico Supreme Court explained what is necessary for an effective rejection of UM/UIM coverage:

> In these cases, we detail for the first time the technical requirements for a valid rejection of UM/UIM coverage in an amount equal to liability limits. By requiring insurance carriers to list premium costs corresponding to each available UM/UIM coverage level, we are providing specific guidance concerning the form and manner that valid offers and rejections of UM/UIM insurance must take to comply with controlling statutory and regulatory provisions.

Jordan, 245 P.3d at 1222. The court requires insurers to "provide the insured with the premium charges corresponding to each available option for UM/UIM coverage so that the insured can make a knowing and intelligent decision to receive or reject the full amount of coverage[.]" Id. at 1217.

The court provided the analysis:

> If an insurer does not (1) offer the insured UM/UIM coverage equal to his or her liability limits, (2) inform the insured about premium costs corresponding to the available levels of coverage, (3) obtain a written rejection of UM/UIM coverage equal to the liability limits, and (4) incorporate that rejection into the policy in a way that affords the insured a fair opportunity to reconsider the decision to reject, the policy will be reformed to provide UM/UIM coverage equal to the liability limits.

Id. at 1221.

Summary judgment is warranted in this case because the uncontroverted facts establish that State Farm complied with these requirements. The lone affidavit submitted by Ms. Foy, ECF No. 62-1, does not constitute significantly probative evidence to the contrary. Prior to the Jordan decision, Ms. Foy on behalf of Build NM selected $100,000 per person / $300,000 per accident for UM coverage. ECF No. 42 at 3, ¶ 1; ECF No. 42-1 (Oct. 21, 2008). After Jordan, State Farm advised Build NM that its existing policy did not have UM limits equal to its liability coverage for bodily injury of $1 million per person / $1 million per accident, and that State Farm would add such coverage at the upcoming renewal. ECF No. 42 at 4, ¶ 8; ECF No. 42-2 at 12 (Dec. 30, 2011). Build NM was also informed of the option to complete and sign an acknowledgment of coverage and rejection form to keep its lower UM coverage. Id.

Thereafter, State Farm sent Build NM a renewal notice with UM coverage at $1 million each person / $1 million each accident, with a premium of $270.75. ECF No. 42 at 4, ¶ 9, ECF No. 42-2 at 13 (Jan. 26, 2012). Although Ms. Foy does "not specifically recall" the advice and the renewal notice, ECF No. 62-1 at ¶ 7, State Farm's records indicate that Ms. Foy contacted a State Farm representative to "GO BACK TO WHAT

- 5 -

THEY WERE BEFORE – FAXED UFORMS." ECF No. 42-4 (Feb. 6, 2012); ECF No. 62 at 3, ¶ 12. Thereafter, Ms. Foy, identifying herself as Project Manager for Build NM, signed a form rejecting the maximum amount of UM coverage and selecting $100,000 each person / $300,000 each accident with a six-month premium of $116.85. ECF No. 42 at 5, ¶¶ 12, 14; ECF No. 42-2 at 15 (Feb. 6, 2012); ECF No. 42-3. A table sets forth the semi-annual premium charges corresponding to the available coverage amounts for UM and includes the $116.85 amount. ECF No. 42-2 at 11; ECF No. 62 at 6, ¶ E. The table expressly states it contains semi-annual premiums. ECF No. 42-2 at 11.

The change in UM limits was requested prior to the renewal period, and the declaration page of the policy reflects (as part of a total premium) a pro-rated amount for UM coverage of $131.81 for approximately a seven-month period (Feb. 6, 2012 to Sept. 1, 2012), as well as an acknowledgment of the offer of higher limits of UM coverage and limits actually selected. ECF No. 42 at 6, ¶¶ 19–20; ECF No. 42-2 at 6, 10. The declaration page also clearly indicates that the six-month renewal premium was $765.14. ECF No. 42-2 at 3, ¶ 20. And indeed, that was the amount billed and paid by the insured, Build NM. ECF No. 67-1 at 1.

There is no dispute that Ms. Foy was acting within the course and scope of her employment in rejecting the higher and selecting the lower UM coverage on February 6, 2012. ECF No. 42 at 5, ¶¶ 10–11; ECF No. 42-3 at 2, ¶ 11; ECF No. 62 at 2. She had authority to sign insurance documents. ECF No. 62-1 at ¶ 5. Ms. Foy admits that she signed the UM coverage rejection/selection form faxed to her. ECF No. 62 at 3, ¶ 14.

The first page of the form acknowledges that she had "reviewed all available limits and premiums" shown on the following page. ECF No. 42-2. Ms. Foy dispute[s] that Defendant State Farm provided a second page that set forth accurate premium charges corresponding to the available coverage option." ECF No. 62 at 3, ¶ 14.

In her affidavit, she contends that she was not informed that UM coverage "would be charged at a higher apparently prorated premium than quoted on the rejection form, nor was [she] provided a table of alleged prorated coverage options prior to signing the faxed rejection form." ECF No. 62-1 at ¶ 10. She also maintains that if she "had understood the function, application and ramifications" of UM coverage, she would have purchased the maximum coverage. ECF No. 62-1 at ¶ 14.

Ms. Foy's statements do not create a genuine dispute as to any material fact as to the validity of the rejection form and corresponding premium table. Essentially, Ms. Foy's position is that having been informed of the maximum UM coverage and selecting the lower UM coverage for a semi-annual period, State Farm was required to provide a table of pro-rated seven-month amounts when preparing the declarations page. There is no dispute that State Farm ordinarily renews automobile policies on a six-month basis, and no legal authority suggests that State Farm's advice about UM coverage and Ms. Foy's selection had to be repeated due to proration of one month. Given that semi-annual premiums are the norm, State Farm's form based upon semi-annual amounts makes perfect sense. It would not make sense to require additional advice for different prorated periods, particularly given that the amount for a six-month period is known (and likely to

repeat).

Ms. Foy also suggests that there was no reason for a prorated amount, as she retained her $100,000/$300,000 UM coverage and the higher amounts in the renewal notice never went into effect. ECF. No. 62 at 3, ¶ 17; Id. at 9–10. But having set the change to higher limits in motion with the renewal notice, State Farm could certainly choose to effectuate the insured's early choice in the declarations pages for a seven month period.

The court also rejects the contention that State Farm was obligated to provide further explanation of UM coverage, particularly given that Ms. Foy had been selecting the UM coverage for Build NM since 2008. In any event, the rejection/selection form explains that "Uninsured and Unknown Motorists Coverage protects the named insureds, ***resident relatives***, and occupants in the Insured vehicle if they sustain ***bodily injury*** in an accident for which the owner or operator of an unidentified, uninsured, or underinsured motor vehicle is legally liable." ECF No. 42-2 at 15. Plainly, the information provided allowed Ms. Foy to make a knowing and intelligent decision about UM coverage.

In sum, the summary judgment evidence establishes that (1) State Farm offered the insured through Ms. Foy UM coverage equal to its bodily injury liability limits, (2) informed her about premium costs corresponding to the available levels of coverage, (3) obtained a written rejection of UM coverage equal to the liability limits, and (4) incorporated that rejection into the policy in a way that would allow for reconsideration if necessary. No more was required.

In light of the foregoing, the parties should contact the magistrate judge who is requested to conduct a status conference to ascertain what claims remain in this action.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Defendant State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment filed April 26, 2018 (ECF No. 42) is granted and Plaintiff's attempted cross-motion for partial summary judgment is denied.

DATED this <u>17th</u> day of September 2018, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

Counsel:

Paul M. Dominguez, Dominguez Law Firm, LLC, Albuquerque, New Mexico, for Plaintiff.

Terry R. Guebert and Elizabeth M. Piazza, Guebert Bruckner P.C., Albuquerque, New Mexico, for Defendant State Farm Mutual Automobile Insurance Co.